IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>KYLIE THOMPSON,<br><br>        Defendant. | 4:21CR3121<br><br>PLEA AGREEMENT |

    IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven Russell, Interim United States Attorney and Dan Packard, Assistant United States Attorney, and defendant, Kylie Thompson, and Joel Lonowski, counsel for defendant, as follows:

# I
# THE PLEA

A.     CHARGE(S) & FORFEITURE ALLEGATION(S).

    Defendant agrees to plead guilty to Count IV of the Indictment. Count IV charges a violation of Title 18, United States Code, Sections 922(d)1) and 924(a)(2).

B.     In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

    1.     The United States will move to dismiss Count V at the time of sentencing.

    2.     The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for any firearms or drug trafficking crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

# II
# NATURE OF THE OFFENSE

A.     ELEMENTS EXPLAINED.

    Defendant understands that the offense to which defendant is pleading guilty has the

1

following elements:

    COUNT IV:

1. The defendant knowingly transferred a firearm to Chase Bass;
2. Chase Bass, at that time, had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and
3. The defendant, at the time of the transfer, knew or had reasonable cause to believe that Chase Bass had been convicted of a crime punishable by imprisonment for a term exceeding one year.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. While investigating an unrelated shooting that happened in Lincoln, Nebraska on July 8, 2021, investigators located a cell phone conversation in which defendant's then boyfriend Chase Bass talked about providing a gun to another prohibited person. That led to a firearms and narcotics investigation involving defendant and Chase Bass.
2. Investigators obtained firearms purchase records showing that Chase Bass' then girlfriend, Kylie Thompson (Thompson), the defendant in this matter, bought 12 handguns between March 18 and July 31, 2021. Thompson purchased the firearms at the following locations: Lincoln Scheels; Discount Enterprises LLC, aka Deguns.net Firearms Sales & Service; Randolph Jewelry; and AAA Ultimate Pawn; in Lancaster County, Nebraska. These businesses are licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code.
3. Thompson transferred one or more of these firearms to Chase Bass (Bass), who was a prohibited person because he had been convicted of a crime punishable by imprisonment for a term exceeding one year.
4. When Thompson transferred the firearms, she knew and had reasonable cause to believe that Chase Bass was a felon and had been convicted of a crime punishable by imprisonment for a term exceeding one year.
5. On July 16, 2021, Bass was arrested in Cass County. Thompson was present when

Bass was arrested. Investigators found six empty gun boxes in her car. The boxes matched up with six of the firearm purchases Thompson made in Lincoln between March 18 – July 31, 2021. Bass had a notebook in his possession containing Bass' hand-written notes describing the firearms that were previously in the boxes found in Thompson's car. Bass was carrying a backpack containing ammunition and a 9 mm pistol Thompson had purchased the day before at AAA Ultimate Pawn. Bass also had keys to a safe in Thompson's car. Inside the safe investigators found a Springfield Armory Hellcat 9 mm handgun with 12 rounds in the magazine. The box for this gun was found in the Thompson's trunk, and is the same handgun Thompson purchased at Discount Enterprises LLC, aka Deguns.net Firearms Sales & Service on July 1, 2021.

6. Investigators recovered three of the 12 firearms purchased by Thompson. Two of the three recovered were located in Bass' belongings, while the third was recovered in an alleyway in downtown Lincoln on July 14, 2021.

7. Investigators became aware of Thompson's potential "straw purchase" of firearms when they located messages sent on July 11, 2021, between Bass and another prohibited person in which Bass represented that he could get a firearm by going to Scheel's with his girlfriend, and that she would buy the firearm for him.

8. An agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives examined two of the firearms recovered by investigators that were purchased by Thompson and found in Chase Bass' belongings. He opined that both firearms were manufactured outside the State of Nebraska.

9. Thompson's purchases of firearms that she transferred to Bass occurred in the District of Nebraska.

## III
## PENALTIES

A. COUNT IV. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 10 years in prison;
2. A maximum $250,000.00 fine;
3. A mandatory special assessment of $100 per count; and

4. A term of supervised release of no more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5. Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. The parties agree that the defendant committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person, pursuant to U.S.S.G. § 2K2.1(a)(6).

2. The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for at least 8, but not more than 24 firearms, pursuant to U.S.S.G. § 2K2.1(b)(1).

3. The parties agree that the defendant engaged in the trafficking of firearms pursuant to U.S.S.G. § 2K2.1(b)(5).

4. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to

4

U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.

C.    ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.    CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.  RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

G.  STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## **SCOPE OF AGREEMENT**

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN RUSSELL
Acting United States Attorney

|  |  |
|---|---|
|  | STEVEN RUSSELL<br>Interim United States Attorney |
| July 19, 2022<br>Date | *Daniel Packard* Digitally signed by DANIEL PACKARD<br>Date: 2022.07.19 10:07:05 -05'00'<br>DANIEL PACKARD<br>ASSISTANT U.S. ATTORNEY |
| 7/20/22<br>Date | *Kylie Thompson*<br>KYLIE THOMPSON<br>DEFENDANT |
| 7/20/22<br>Date | *[signature]*<br>JOEL LONOWSKI<br>COUNSEL FOR DEFENDANT |

9