IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3121 |
| vs. | MEMORANDUM AND ORDER |
| KYLIE THOMPSON, | |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 78) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

The Court notes that the defendant was not expressly informed at the change of plea hearing (filing 81) of her "right to plead not guilty, or having already so pleaded, to persist in that plea." *See* Fed. R. Crim. P. 11(b)(1)(B). But while the defendant was not expressly informed at her change of plea hearing about her "right to plead not guilty" in those express terms, the defendant's petition to enter guilty plea establishes that the defendant was informed of her "right to plead NOT GUILTY to every charge filed against" her. Filing 76 at 2. The defendant testified at the change of plea hearing that she had gone over the petition, with the assistance of counsel, and that each of her answers in the petition were truthful. Filing 81 at 4. The Court is convinced, from the record as a whole, that the defendant had a sufficient understanding of her right to plead not guilty and that her decision to do so was wholly voluntary.

Therefore, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See* Rule 11(h); *see also United States v. Gillen*, 449 F.3d 898, 903-04 (8th Cir. 2006); *United States v. McCarthy*, 97 F.3d 1562, 1574-76 (8th Cir. 1996); *United States v. Young*, 927 F.2d 1060, 1061-63 (8th Cir. 1991). The

defendant's decision to plead guilty could not have been affected by the Magistrate Judge's failure to tell the defendant what she already knew. *Young, 927 F.2d at 1063*. The Court also notes that neither party has objected to the findings and recommendation, meaning that any objection has been waived. *See Peretz v. United States*, 501 U.S. 923, 936-39 (1991).

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 78) are adopted.
2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea.
3. The Court defers acceptance of any plea agreement until the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(3). Unless otherwise stated at the time of sentencing, any plea agreement will be deemed accepted upon the pronouncement of the judgment and sentence.
4. This case shall proceed to sentencing.

Dated this 24th day of August, 2022.

BY THE COURT:

*[signature]*

John M. Gerrard
United States District Judge